The Thornton National Bank, *Appellee*, v. W. H. Robertson, *Appellant*.

No. 18,082.

### SYLLABUS BY THE COURT.

1. NOTE—*Payable to Third Person—Delivered to Payee Who Surrendered Another Note—Good Consideration.* Where one executes his promissory note payable to a third person and delivers it to another to be used in the adjustment of an indebtedness from the one to whom the note is delivered to the third person, payee, without any express limitations as to such use, and the one in possession delivers it to the payee named therein and receives therefor his own note which the third person had theretofore held against him; *held*, that by the transaction the first party made the second party his agent to make any use of the note which, in the absence of fraud,

may be agreed upon between the second and third parties in the adjustment of the indebtedness of the second party to the third party; also, that by the transaction the first party became indebted to the third party primarily and not as surety for the amount of the note according to its terms.

2. ——— *Novation.* In the situation recited above the first party is substituted as a new debtor by way of novation for the original debtor and the surrender of the note of the original debtor constitutes a sufficient consideration for the new note.

3. TRIAL — *Instructions — Consideration for Promissory Note.* Evidence having been produced that the appellee had procured the note sued on for a valuable consideration, the court erred in instructing the jury, in effect, that the appellee could not recover unless the appellant had received a valuable consideration therefor. A sufficient consideration to render a promissory note valid in the hands of the payee may be either a substantial equivalent in value received by the maker or a like equivalent parted with by the payee.

Appeal from Wilson district court. Opinion filed May 10, 1913. Affirmed.

*J. T. Cooper,* of Fredonia, and *Bates & Stewart,* of Webb City, Mo., for the appellant.

*S. A. Wight,* of Nevada, Mo., and *P. C. Young,* of Fredonia, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This appeal is from an order of the court sustaining a motion for a new trial after a jury had returned a verdict in favor of the appellant. An outline of the facts as established by uncontroverted evidence on the trial is as follows: One A. B. Cockerill was indebted to the Thornton Banking Company, which operated a bank in the state of Missouri, in the sum of about $18,000. The Thornton Banking Company was about to reorganize its bank as a national bank, which it afterwards did. The reorganized bank is called the Thornton National Bank and is the appellee in this action. The appellee, upon the reorganization, acquired

all the assets of the Thornton Banking Company, including the note of the appellant which was the subject of this action.

Cockerill's indebtedness to the bank was claimed to have been larger than a national bank is authorized to carry as an asset upon the promissory note of one debtor. Also, it was claimed that Cockerill's business was not prospering, his indebtedness was increasing, his credit was questioned, and he was advised by the cashier of the Thornton Banking Company that he must reduce his indebtedness to their bank. His indebtedness was evidenced by two promissory notes, one for $10,000 and one for something over $8000, and he was informed that he must take up one or the other. He informed the cashier that the appellant would give his note for the amount of one of the notes held by the bank against himself. Appellant's responsibility was inquired into by the cashier, and thereafter Cockerill was informed that appellant's note would be accepted. Thereafter Cockerill produced at the bank the appellant's note for $10,000, payable to appellee, which was delivered to the cashier and Cockerill's note for the same amount was surrendered to him. Some collateral security for the payment of appellant's note, in the form of stock in a corporation in which Cockerill and the appellant were interested, was also deposited in the bank.

The appellant had never met the cashier nor any of the other officers of the Thornton Banking Company, or of the appellee, until a considerable time after the execution and delivery of his note. He pleaded and testified on the trial that his note was given without any consideration from either the bank or Cockerill but was made as an accommodation to Cockerill, and that by giving the note he assumed only the relation of a surety for Cockerill; that until about the time of the commencement of this action the bank had recognized that Cockerill was the real debtor and that the bank had ac-

cepted from Cockerill interest in advance upon the note given by appellant. He also claims that appellee, by extending the note and receiving interest thereon in advance from Cockerill, relieved him of any liability on the note in accordance with the well-recognized rule in this state. The rule is applicable only if appellant was, in fact, a surety for Cockerill.

On the part of the appellee it is contended that the note in question was made payable to the order of the appellee and was delivered to Cockerill for delivery to the appellee; that in so doing appellant made Cockerill his agent and was bound by whatever the agent did within the implied authority conferred; that Cockerill exchanged the appellant's note with appellee for his own note for the same amount; that in so doing the Thornton Banking Company paid a full consideration for appellant's note. Also, as the transaction was consummated in the state of Missouri, the law of Missouri, and not the law of Kansas, applies thereto; that by the law of Missouri the prepayment of interest by the real debtor upon a note given by or signed by a surety does not relieve the surety from liability on the note. Evidence of the law of Missouri does not seem to have been offered to the jury but the following stipulation was made:

"It is agreed between counsel for plaintiff and those for defendant that at and during the trial of the above-entitled cause and on the 12th day of January, 1912, the plaintiff requested an instruction to the effect that under the laws of the state of Missouri, the mere payment of interest in advance upon a promissory note does not operate as an extension of time thereof unless so specifically agreed.

"At the same time the plaintiff's attorney handed to the judge but did not offer to introduce the same to the jury, the following Missouri authorities in support of said instructions: *First National Bank v. Gardner,* 57 Missouri Appeals, 268. *Citizens Bank v. Moorman,* 38 Missouri Appeals, 484. *Russell v. Brown,* 69 Missouri Appeals, 99.

"The plaintiff did not at the time nor thereafter during trial call the attention of opposing counsel to the fact that such authorities had been put into the hands of the judge and the judge's attention called to the same."

There is some discussion of instructions asked for and refused, but it seems the only material questions are involved in instructions numbered 8 and 9, given by the court on its own motion, which read:

"8.   The court instructs the jury that one who has signed an instrument as a maker, drawer, acceptor or indorser, without receiving value therefor and only for the purpose of lending his name to some other person, is known in law as an 'accommodation party,' and should you find from the evidence in this case that the defendant signed the note in question with this express understanding then, of course, he can only be held liable as such.

"9.   Should you find from the evidence that the defendant was only an 'accommodation party,' as defined in the preceding instruction, and that that fact was known to the Thornton Banking Company, and that at the time of the execution of said note, interest was paid in advance to the time of maturity of said note and that after said note was due and payable, there was an extension of time of payment of the said note, the interest being paid thereon from time to time by A. B. Cockerill without the knowledge or consent of the defendant, then and in such event the defendant would not be liable beyond the time of the maturity of the said note, unless defendant waived such extension."

The case being submitted to the jury, they returned a verdict in favor of the appellant.   The appellee thereupon filed a motion for judgment in its favor upon the special findings of the jury, notwithstanding the general verdict.   This motion was presented and overruled, and appellee presents a cross-appeal to reverse the order.   There was no special finding inconsistent with the general verdict and the refusal of the court to render judgment thereon for appellant is approved.   Nothing further need be said as to the cross-appeal.

33—86 KAN.

A motion for new trial was filed by appellant and arguments heard thereon. Thereupon the court stated that a mistake had been made in giving instructions numbered 8 and 9, and that he believed that under the evidence there was no question of accommodation paper or accommodation maker of the note involved in the trial. A new trial was thereupon granted and to reverse this order this appeal is taken.

Evidence was produced that appellant had executed the note, payable to the Thornton Banking Company, and delivered it to Cockerill to deliver it to that company, and there is no evidence that any limitation was placed upon the use to be made of the note by Cockerill; that Cockerill exchanged the note for his own note of the same amount which the Thornton Banking Company held against him and thereby reduced his indebtedness by that amount. If this be true the appellant made Cockerill his agent to make such use of the note as Cockerill and the banking company might agree upon, provided there was no fraud in the transaction. No fraud is suggested by the evidence. If this be the situation, the appellant as successor of the Thornton Banking Company was the owner of the note and held it, not as collateral security, but as the direct, personal obligation of the appellant, and the appellant thereby became the debtor of the appellee.

A sufficient consideration to render a promissory note valid may be either a substantial equivalent in value received by the maker or a like equivalent parted with by the payee. (7 Cyc. 702, 703; 4 A. & E. Encycl. of L. 188.)

If the jury had been instructed in reference to the evidence above referred to and had found that the note sued upon was the property of the appellee and that appellant was primarily, and not as a surety, indebted to appellee thereon, the question raised by the evidence of extensions of time of payment and payment of interest in advance would become immaterial.

After the court had changed its mind as to the law applicable to the case, the weight of the evidence upon the two theories of the case was still for the determination of a jury, in the absence of an agreement to submit it to the court. A new trial was therefore properly ordered and the order is sustained. The case is remanded for a new trial in accordance with the order of the court.